**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52847**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: January 8, 2026** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| MATHEW HUNTER CAMARENA, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine P. Cannon, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of incarceration of eight years, for rape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Mathew Hunter Camarena pleaded guilty to rape, Idaho Code § 18-6101. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of twenty-five years, with a minimum period of incarceration of eight years. Camarena appeals, contending that his sentence is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1] Camarena filed an Idaho Criminal Rule 35 motion, which the district court denied. Camarena does not challenge the denial of his I.C.R. 35 motion on appeal.

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Camarena's judgment of conviction and sentence are affirmed.